ATTORNEY GENERAL, *ex rel.* SECRETARY OF STATE, *v.*
STATE SAVINGS & LOAN CO.

APPEAL OF BARRY.

1. RECEIVERS—SAVINGS AND LOAN ASSOCIATIONS—BID FOR REMAINING
   ASSETS—FORMATION OF NEW CORPORATION.

   Bid for remaining assets of savings and loan association in
   receivership was properly rejected where made on condition
   that 60 days be allowed to contact former members, and
   contemplated formation of a new corporation about which
   court did not have definite and positive information as to
   the nature of organization, capability of its management, or
   any reasonable assurance of its success.

2. SAME—ACCEPTANCE OF CASH BID FOR REMAINING ASSETS.

   Trial court did not abuse its discretion in accepting cash bid
   of $280,000 for remainder of assets in hands of receiver of
   savings and loan association, valued at $556,596.05 by the
   receiver on condition that liquidation proceeded in an orderly
   manner, petitioner to reopen bids placed valuation of $327,000
   shortly after the confirmation of sale, cash value was prob-
   ably in the neighborhood of $327,000 and only bids before
   the court were a previous bid of $100,000 by petitioner,
   $150,000 by another corporation, and a subsequent conditional
   bid of $300,000 by petitioner.

3. SAME—FORMATION OF NEW COMPANY TO TAKE OVER ASSETS—
   SALE AT GREATER PRICE THAN PREVIOUS BIDS.

   Action of receiver in encouraging the formation of a corporation
   which purchased remaining assets of savings and loan associa-
   tion in receivership was not improper where assets were sold
   for nearly twice as much as any previous bid.

4. SAME—PROCUREMENT OF PURCHASER OF ASSETS.

   A receiver may interest himself in finding a purchaser of the
   assets in his charge but may not, directly or indirectly, be
   interested as a purchaser of the assets.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 19, 1939. (Docket No. 106, Calendar No. 40,781.) Decided December 20, 1939.

Receivership proceedings by Wilbur M. Brucker, Attorney General, *ex rel.* John S. Haggerty, Secretary of State, against State Savings & Loan Company, a Michigan corporation. On petition of Frank. M. Barry, as chairman of the depositors' committee, for sale of assets. From order confirming sale to Inter-City Realty Corporation, Frank M. Barry appeals. Nellie A. Metcalf and Inter-City Realty Corporation intervene. Affirmed.

*Walter O. Estes,* for appellant.

*Kelley, Sessions, Warner & Eger,* for receiver.

*Charles W. Austin* and *Clement M. Pung,* for intervener Metcalf.

*Pierce, Planck & Ramsey,* for intervener Inter-City Realty Co.

SHARPE, J. The State Savings & Loan Company was placed in temporary receivership on April 15, 1930. At this date its listed assets were $1,449,867.04 and liabilities in the amount of $1,451,901.92. The receivership was made permanent in June, 1930, and the receiver continued to operate the business of the corporation until July, 1938, without paying dividends and without any serious objections being made by any of the so-called depositors.* Among

---

* The term "depositors," as used throughout this opinion, appears in the pleadings and elsewhere in the record and in each of the briefs. The term would appear to be intended to refer to members who had invested funds in the association as these organizations may not legally receive deposits. 3 Comp. Laws 1929, § 12170 (Stat. Ann. § 23.580), reads as follows: "No building and loan association shall, directly or indirectly, do a banking business, or advertise for

the listed assets was an item owing by the Ralph A. Wood Company, Inc., in the sum of $580,000, $182,500 of which was unsecured and the security given on the balance was, in many instances, of questionable value.

In 1936 and early in 1937, the depositors organized a "re-organization committee" to look into the affairs of the company and to work out a plan for voluntary reorganization or liquidation of the company. The receiver and the court were advised of its work, but progress was delayed when on February 8, 1938, the court restrained the re-organization committee and all others from presenting details of any plan for reorganization or liquidation to depositors and stockholders and ordered that "any plan of re-organization and liquidation of said State Savings & Loan Company and its assets, through the agency of a corporation to be organized from the depositors, members and claimants aforesaid, shall first be submitted to this court for examination and for the directions of this court in regard thereto before the same shall be generally presented to members, depositors and claimants of said State Savings & Loan Company."

On July 7, 1938, the chairman of the depositors' committee filed a petition for the sale of assets asking the court to sell the assets to the depositors and stockholders for $100,000 and stating that the committee had determined the assets to have a cash value in excess of $300,000. On September 16, 1938, a hearing was had on this petition and the court directed the receiver to advertise for bids and proposals for sale of the assets. On December 10 and 14, 1938, the receiver filed his report and recom-

---

or accept deposits. Any advertisement or any offer to accept or receive deposits with or without the promise to pay interest thereon, shall be prima facie evidence of a violation of this provision."
—REPORTER.

mendation on the bids and proposals received by him and recommended the sale of the assets to the Inter-City Realty Corporation for $280,000 and attached a balance sheet showing assets valued at $566,596.05.

The offer of the Inter-City Realty Corporation contemplated a liquidation dividend to the holders of receiver's certificates who wanted immediate settlement of their claims. The offer also stated that the holders of receiver's certificates were to have the privilege of subscribing for and purchasing capital stock in Inter-City Realty Corporation in an aggregate amount not in excess of 20 per cent. of the allowed claim of each claimant and the liquidation dividend of 20 per cent. could be applied to the purchase of such shares. Another bid was made for the assets of the company by the Glendale Holding Company in the amount of $150,000. The receiver recommended the acceptance of the bid of Inter-City Realty Corporation.

On December 21, 1938, the court approved the Inter-City Realty Corporation bid and ordered the sale. On the hearing on confirmation of sale on January 10, 1939, the depositors objected to the sale to Inter-City Realty Corporation on grounds that the price offered was inadequate; that the receiver had conceived and promoted the Inter-City Realty Corporation for the purpose of taking over the assets; and that the depositors were ready and willing to pay $300,000, said offer being made in open court.

On January 14, 1939, the court confirmed the sale to Inter-City Realty Corporation. On February 2, 1939, the depositors' committee petitioned the court to reopen bids for the sale of said assets for the reasons above stated. February 17, 1939, the peti-

tion was dismissed and the depositors' committee appeals.

Mr. Barry, chairman of the depositors' committee, made a bid of $300,000 for the assets on condition that at least 60 days be allowed to contact the 2,132 widely scattered depositors. In his written petition to reopen bids, Mr. Barry states:

"That the stockholders and depositors of the State Savings & Loan Company desire and will set up a corporation composed only of former stockholders. * * * It is hereby proposed that the assets of the receivership be purchased by turning over to the receiver through the Central Trust Company, or some other proper depository approved by the court, said certificates to be credited against the assets of the receivership, and that those holders of receiver's certificates, who desire cash and do not desire to participate with other depositors in any business enterprise or liquidation project will be paid cash on the basis of 21 per cent. of the face amount shown on the receiver's certificate, said amounts to be paid in full to all certificate holders who file certificates and request cash and to all certificate holders who do not file certificates nor designate a choice between cash or participation with other depositors. It is proposed by the depositors that all cash and certificates be deposited with the Central Trust Company, or some other proper depository approved by the court, and that the transfer of assets, if and when made, will be handled through the same such depository and all payments of cash will be deposited by this petitioner or some other authorized individual or agency in behalf of the depositors with the depository within 60 days after the confirmation by the court of this bid or proposition. In other words, the depositors propose to pay for the assets with cash and receiver's certificates, the cash going to those stockholders who desire it in

immediate liquidation of their interest on the basis of 21 per cent. of the face amount of their interest.''

The trial court's observation on the bid of Mr. Barry was as follows:

''Obviously, if we delay the matter for the possible working out in the future of any plan along that line, it would mean the rejection of the offer that has been made here. In any event, it is obvious that that plan would not involve putting any new cash into the business if any considerable proportion of the depositors wanted their money from it—and that would seem to be true in view of the attitude of the largest depositors—a new corporation would be in difficulty from the start. In any event, this court cannot turn the assets of this receivership over to any organization for liquidation without having rather definite and positive information as to the nature of that organization and the capability of its management and as to its functioning with proper safeguards being imposed thereon.''

We are of the opinion that the trial court was correct in rejecting the bid of Mr. Barry. Such a bid was too uncertain and indefinite to be given serious consideration.

It is claimed by appellants that the accepted bid was inadequate. In considering this bid we have in mind that a cash sale value of assets would be substantially less than the receiver might obtain through continued long term liquidation. On January 10, 1939, the receiver placed a valuation at about $556,000 upon the assets on condition that liquidation proceeded in an orderly manner. Mr. Barry placed a valuation of $327,000 upon the assets in his petition to reopen bids which was filed shortly after the confirmation of the sale. In our opinion there was no abuse of discretion upon the part of the trial court in accepting the cash bid of $280,000.

In coming to this conclusion we have in mind that the cash value of the assets was in the neighborhood of $327,000; that prior to the formation of the Inter-City Realty Corporation, the only proposition presented to the court was one for $100,000 made by Mr. Barry of the depositors' committee; that at the time the Inter-City Realty Corporation bid was accepted for $280,000, the trial court had under consideration a bid for $150,000 by the Glendale Holding Company and a bid by Mr. Barry of the depositor's committee for $300,000 conditioned upon the formation of a new corporation; and that the court lacked definite and positive information as to the financial standing of the proposed depositors' corporation as well as any reasonable assurance of its success in being organized as a legal entity.

Under the facts in this case, there can be no objection in the receiver encouraging the formation of the Inter-City Realty Corporation. As a result of the formation of this corporation, the assets were sold for $280,000 or $180,000 more than had been previously bid. The receiver is not to be condemned for the interest he has displayed in behalf of the depositors.

The decree of the chancery court is affirmed, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred with SHARPE, J.

WIEST, J. (*concurring*). I concur.

A receiver may interest himself in finding a purchaser of the assets but may not, directly or indirectly, be interested as a purchaser of the assets.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred with WIEST, J.